UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY LEWIS BEATTY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-1937-SPM |
| | ) | |
| JEFF NORMAN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned on the petition of Missouri state prisoner Jerry Lewis

Beatty ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and

Petitioner's Motion for the Appointment of Counsel (Doc. 26). The parties have consented to the

jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

(Doc. 13). For the following reasons, both the petition and the motion for the appointment of

counsel will be denied.

### I.   FACTUAL BACKGROUND

The Missouri Court of Appeals summarized the facts of Petitioner's case as follows:

> On April 23, 2013, a sheriff's deputy served an order of protection on
> Defendant, which directed Defendant to have no contact with A.V. (Victim). On
> the evening of April 26, 2013, Victim was at home when Defendant kicked open
> her front door, came in, and pointed a gun at her. Defendant told Victim he was
> going to kill her, and Victim heard two clicks from the gun. Defendant grabbed her
> hair, knocked her down and held her down with his knee. Victim heard more clicks.
> She heard her mother come in the house and call 911.
>     Defendant ran out of the house, and Victim ran after him, yelling at him. He
> came running back toward her, and she ran into her house. The police arrived soon
> after to interview Victim. An officer also located Defendant's car and began
> following him. A chase ensued, and eventually Defendant crashed into a median.

Officers did not find a gun in Defendant's car, so they searched along the route Defendant would have taken from Victim's house. They found a small silver gun, which Victim later identified as the gun Defendant used that night. The officer who found the gun checked to see if it was loaded and found two shell casings inside, both bearing firing pin impressions. The officer testified that such impressions occur when the trigger mechanism strikes the primer, or the center of the bullet. From the impressions on the bullets in the gun he recovered, he could tell that the trigger had been pulled and the gun had misfired, likely due to defective ammunition.

The State filed a complaint charging Defendant with assault in the first degree, armed criminal action, and burglary in the first degree. After a preliminary hearing on July 5, 2013, the trial court bound Defendant over for trial. On August 7, 2013, at Defendant's arraignment, he waived the formal reading of the information. On February 14, 2014, the State filed an information charging Defendant with the same three felony charges—first-degree domestic assault, armed criminal action, and first-degree burglary—and three additional misdemeanor charges of resisting a lawful stop, and two counts of violation of an order of protection. The same day, Defendant filed a motion to dismiss for failure to timely file the information. On February 19, 2014, the State filed an amended information dropping one of the counts of violating an order of protection. The trial court heard argument on Defendant's motion to dismiss and denied the motion.

The jury convicted Defendant of all charges, and the trial court sentenced Defendant as a prior and persistent offender to concurrent terms of 15 years for domestic assault, 30 years for armed criminal action, 15 years for burglary, one year for resisting a lawful stop, and one year for violation of a protection order.

Resp't Ex. C, at 2-3. Additional facts relevant to Petitioner's specific claims will be set forth in the discussion below.

In his direct appeal, Petitioner raised two claims: (1) that the trial court abused its discretion in denying his motion to dismiss the case based on lack of a timely information, and (2) that the trial court  abused its discretion in overruling defense counsel's objection to a statement the prosecutor made during closing argument about disregarding a particular instruction. Resp't Ex. A, at 11-12. The Missouri Court of Appeals considered both claims on the merits and denied them both. Resp't Ex. C.

Petitioner filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, counsel was appointed, and Petitioner filed an amended motion for post-

conviction relief under Rule 29.15. Resp't Ex. I, at 7-13, 18-41. The motion court denied Petitioner's request for an evidentiary hearing and denied his motion for post-conviction relief. Resp't Ex. I, at 43-49. On appeal, Petitioner raised two ineffective assistance of trial counsel claims: (1) failure to adequately oppose the State's motion in limine to preclude reference to the victim's HIV status; and (2) failure to calling Petitioner to testify at trial; the Missouri Court of Appeals denied both claims on the merits. Resp't Ex. G.

Petitioner asserts three claims in his petition:[1] (1) that the trial court abused its discretion in denying Petitioner's motion to dismiss based on the fact that the information was not timely filed under Missouri Supreme Court Rule 23.03; (2) that the trial court abused its discretion in overruling defense counsel's objection to the prosecutor's closing argument, wherein the prosecutor told the jury, "I think you can disregard instruction number eight after you have evidence," because this ruling violated Petitioner's right to due process and a fair trial; and (3) that trial counsel was ineffective based on the failure to properly argue and provide the court with case law supporting the position that the victim's HIV status was relevant to the question of whether Petitioner acted on the basis of sudden passion.

## II.   LEGAL STANDARDS

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 575 U.S. 312, 316 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). "In the habeas setting, a federal court is bound by the AEDPA [the Antiterrorism and

---

[1] Although the Petition might be read to include more than three claims, a full review of the Petition and exhibit suggests that several of the claims are duplicative of one another. The Court agrees with Respondent that there are actually only three distinct claims asserted. The Court also notes that in Petitioner's Reply, Petitioner does not challenge Respondent's characterization of the claims.

Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant habeas relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established Federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state court 'unreasonably applies' Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011) (quoting *Williams*, 529 U.S. at 413). Finally, "a state court decision is based on an unreasonable determination of the facts only if the 'court's presumptively correct factual findings do not enjoy support in the record." *Bahtuoh v. Smith*, 855 F.3d 868, 873 (8th Cir. 2017) (quoting *Evenstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006)).

### III.   PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL

On April 15, 2020, Petitioner filed a motion for the appointment of counsel, arguing that he has serious health issues that affect his ability to prosecute the action, that his knowledge of habeas law and procedures is limited, that his resources are limited, that discovery may be

necessary, and that the issues in this case are complicated and would be best presented by an attorney.

There is no constitutional right to appointment of counsel in habeas corpus proceedings, *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). "If no evidentiary hearing is necessary, the appointment of counsel is discretionary." *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994). In exercising that discretion, the Court should "determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that 'the interests of justice so require' it." *Id.* (quoting 18 U.S.C. § 3006A(a)(2)). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Id.*

After consideration of the above factors in conjunction with the claims in the petition, the Court finds that the appointment of counsel would not benefit Petitioner and the Court to such an extent that the interests of justice require the appointment of counsel. Petitioner's claims are not legally or factually complex, his petition clearly states his claims, and the state court record is complete and clear. An evidentiary hearing is not necessary to evaluate Petitioner's claims. Therefore, Petitioner's motion for appointment of counsel will be denied.

IV. **DISCUSSION**

A. **Ground One: Trial Court Error—Denial of Motion to Dismiss Based on Failure to Timely File Information**

In Ground One, Petitioner asserts that the trial court abused its discretion in denying Petitioner's motion to dismiss based on the fact that the information was not timely filed under Missouri Supreme Court Rule 23.03. Rule 23.03 states, "An information charging a felony shall be filed not later than ten days after the date of the order requiring the defendant to answer to the

charge. The court having jurisdiction of the offense may extend the time for good cause shown." Mo. Sup. Ct. R. 23.03. Petitioner argues that the information in his case was filed more than seven months late, and that the State failed to show the requisite good cause for the delay. Petitioner raised this claim in his direct appeal, and the Missouri Court of Appeal denied the claim on the merits. Resp't Ex. C, at 4-5. The Missouri Court of Appeals cited Missouri cases construing this rule, along with other rules, to mean that a delay in the State's filing of an information will not require dismissal absent a showing of prejudice to the defendant. *Id.* The court noted that despite the delay, approximately one month after Petitioner's preliminary hearing, he waived the formal reading of the information at his arraignment and entered a plea of not guilty on the three felony counts for which he later went to trial. *Id.* at 5. The court stated that in light of these facts, Petitioner could not claim that he was unaware of the felony charges, and that Petitioner did not claim he was hindered in preparing his defense on the felony charges. *Id.* The court concluded that Petitioner was not prejudiced or harmed by the delay and that the trial court had not abused its discretion in denying the motion to dismiss. *Id.*

Respondent argues that Ground One is not cognizable in this proceeding, because federal habeas courts are limited to deciding whether a state conviction violated the federal Constitution or laws. The Court agrees. The basis of the Petitioner's claim is that the trial court erred, as a matter of state law, in refusing to dismiss the case against Petitioner due to the information being filed after the deadline set by a Missouri rule. It is well-established that "federal habeas corpus relief does not lie for errors of state law" and that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (internal quotation marks omitted). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United

States." *Id.* at 68. *Accord Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). *See also Lee v. Norris*, 354 F.3d 846, 847 (8th Cir. 2004) ("[A] mere violation of state law. . . is not cognizable in federal habeas.").

Petitioner does allege in the petition that this error "violated [his] right to due process guaranteed by the Fourteenth Amendment to the United States Constitution," and he cites *Turner v. Louisiana*, 379 U.S. 466 (1965) for the proposition that he had a due process right to a fair trial. Attachment to Pet'n, at 1-4. However, Petitioner does not make any arguments to suggest that the late-filed information deprived him of a fair trial or due process, nor is it apparent to the Court how from the petition how the late filing of the information deprived Petitioner of the right to due process or a fair trial. The Eighth Circuit has held that "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." *Carson v. Director of the Iowa Dep't of Corr. Servs.*, 150 F.3d 973, 975 (8th Cir. 1998) (quotation omitted). *See also Evenstad v. Carlson*, 470 F.3d 777, 784 (8th Cir. 2006) ("Evenstad's claims boil down to an issue of Minnesota state law and his attempt to recast the issue in a constitutional light is unavailing."). Here, it is clear that Petitioner's claim is based on an error of state law. He has not alleged any facts or made any arguments that demonstrate a due process violation.[2]

---

[2] A generous reading of the petition in this case suggests that Petitioner may be attempting to raise claim that his Sixth Amendment right to a speedy trial was violated. However, even assuming, *arguendo*, that Petitioner is attempting to raise such a claim and the claim has not been procedurally defaulted, Petitioner is not entitled to relief on such a claim. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. Amend. VI. "To trigger speedy trial analysis, the defendant must allege the interval between accusation and trial has crossed a line 'dividing ordinary from presumptively prejudicial delay.'" *United States v. Mallett,* 751 F.3d 907, 913 (8th Cir. 2014) (quoting *United States v. Aldaco*, 477 F.3d 1008, 1019 (8th Cir. 2007)). Petitioner has not argued that the seven-month delay in filing an information after a preliminary hearing in which a judge determined petitioner should be bound to answer the charges is "presumptively prejudicial." Indeed, cases examining delays that are "presumptively prejudicial" typically involve much longer periods than the delay at issue in this case. *See, e.g., Mallett,* 751 F.3d at 913-14 (holding a delay

For all of the above reasons, Petitioner is not entitled to relief on Ground One, and Ground One will be denied.

### B. Ground Two: Trial Court Error—Overruling Objection to Prosecutor's Closing Argument

In Ground Two, Petitioner argues that the trial court abused its discretion in overruling defense counsel's objection to the prosecutor's closing argument, wherein the prosecutor told the jury, "I think you can disregard instruction number eight after you have evidence . . ." Petitioner argues that the trial court's ruling violated his right to due process and a fair trial, as guaranteed by the Fourteenth Amendment. Petitioner argues that the prosecutor misstated the law and led the jury to believe that it was not free to consider that Petitioner might not have intended to kill or seriously injure the victim (such that he would have been found guilty of only second degree domestic assault, described in instruction eight), but was instead required to find that he *did* intend to kill or seriously injure the victim (such that he would have been found guilty of first degree domestic assault, described in instruction seven).

Petitioner raised this claim in his direct appeal, and the Missouri Court of Appeals denied it on the merits. Resp't Ex. C, at 6-8. The Missouri Court of Appeals summarized the facts relevant to this claim as follows:

> Here, Instruction 7 was the verdict director for first-degree domestic assault. Instruction 8 then instructed the jury that if they did not find Defendant guilty of first-degree domestic assault, they must consider whether he was guilty of second-degree domestic assault. Instruction 8 went on to list the elements the jury must find in order to convict Defendant of second-degree domestic assault. The State summarized the evidence in its closing, arguing for a conviction of first-degree domestic assault under Instruction 7. The State went on to argue the following:

---

of nearly seventeen months was presumptively prejudicial delay); *United States v. Jeanetta*, 533 F.3d 651, 656 (8th Cir. 2008) ("A delay approaching one year may meet the threshold for presumptively prejudicial delay . . . ."). In the absence of any allegation of actual prejudice and absent a showing of a "presumptively prejudicial" delay, Petitioner has not made a threshold showing of a speedy trial violation.

| | |
|---|---|
| [State:] | Instruction number eight says, if you don't find him guilty of domestic assault in the first degree, that you can still find him guilty of domestic assault in the second degree. . . . I think you can disregard instruction number eight after you have evidence— |
| [Defense Counsel]: | Objection, your Honor, . . . . |
| [Court]: | Overruled. This is closing argument. Defendant will have an opportunity to submit her case. . . . |
| [State]: | You are not going to have to find—you are not going to have to determine whether or not the defendant is guilty of domestic assault in the second degree, because the State . . . has proven to you that he is guilty of domestic assault in the first degree, because he was attempting to cause serious physical injury. . . . [T]he only way you can get to instruction number eight, is if you find him not guilty in instruction number seven. |

Resp't Ex. C, at 6-7.

Addressing the merits of Plaintiff's claim, the Missouri Court of Appeals found no abuse

of discretion in the trial court's overruling of trial counsel's objection, stating:

> In light of the State's entire argument, we do not find any abuse of discretion by the trial court. The trial court permitted the State to argue that the evidence proved Defendant was guilty of first-degree domestic assault under Instruction 7. If the jury agreed, it followed that they need not consider whether Defendant was guilty of the lesser-included offense of second-degree domestic assault under Instruction 8. The State's argument to that effect was not incorrect. At the same time, the State acknowledged that if the jury did not find Defendant guilty of first-degree domestic assault, Instruction 8 would have them then consider whether he was guilty of second degree domestic assault. The State argued its belief from the evidence that the jury would not need to do so because the evidence proved Defendant was guilty of first degree assault. This was permissible argument. *See State v. Johnson*, 284 S.W.3d 561, 574 (Mo. banc 2009) (permissible to tell jury that they must consider second-degree murder only where they decide defendant did not commit first-degree murder, difference between wording of State's

argument and instruction was minimal, and court assumes jury follows trial court's instruction)s.

The trial court did not abuse its discretion in overruling Defendant's objection to the State's closing argument in this respect.

Resp't Ex. C, at 7-8.

The Missouri Court of Appeals' denial of this claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. A review of the trial transcript shows that the Missouri Court of Appeals' characterization of the facts is fully supported by the record. Resp't Ex. J, at 288-90. "Improper remarks by the prosecutor can violate the Fourteenth Amendment if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Barnett v. Roper*, 541 F.3d 804, 812 (8th Cir. 2008) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). *See also Rousan v. Roper*, 436 F.3d 951, 960 (8th Cir. 2006) ("To grant habeas relief based on an inappropriate comment from a prosecutor, the comment must be so inappropriate as to make the trial fundamentally unfair"). To grant habeas relief based on an improper remark by a prosecutor, "[t]here must be a 'reasonable probability' that the error affected the jury's verdict and that without the error, the jury's verdict would have been different." *Id.* (citing *Newton v. Armontrout*, 885 F.2d 1328, 1336-37 (8th Cir. 1989)). *See also Stringer v. Hedgepeth*, 280 F.3d 826, 829 (8th Cir. 2002) (stating that to obtain habeas relief based on improper remarks by a prosecutor, "[a] petitioner 'must show that there is a reasonable probability that the error complained of affected the outcome of the trial—i.e., that absent the alleged impropriety the verdict probably would have been different.' ") (quoting *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995)).

Here, the Missouri Court of Appeals reasonably found that when the State's entire argument was considered, the State was accurately describing the applicable instructions to the

jury. Moreover, in the prosecutor's final summation, the prosecutor further clarified, "Ladies and gentlemen, don't ignore any of the instructions. The State does not want you to ignore any of the instructions. Please read each and every one very carefully, and use your common sense, and you will find the defendant guilty of all the charges." Resp't Ex. J, at 303. Because the jury was properly instructed that it should consider all of the instructions, the Court finds no reasonable probability that the trial court's alleged error in overruling the objection to the prosecutor's remark affected the jury's verdict.

For all of the above reasons, Petitioner is not entitled to relief on Ground Two, and Ground Two will be denied.

### C. Ground Three: Ineffective Assistance of Counsel--Trial Counsel's Failure to Properly Argue for the Admission of Evidence of the Victim's HIV Status

In Ground Three, Petitioner argues that his trial counsel was ineffective based on the failure to oppose the State's motion in limine to preclude references to the victim's HIV status and the failure to properly argue and provide the court with case law supporting the position that the victim's HIV status was relevant to the question of whether Petitioner acted on the basis of sudden passion. Petitioner raised this claim in his motion for post-conviction relief and in the appeal from the denial of that motion, and the Missouri Court of Appeals denied it on the merits. Resp't Ex. G.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). To show ineffective assistance of counsel, a petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Id.* at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014). To show deficient performance, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed

the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential," and Petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "might be considered sound trial strategy." *Id.* at 689 (citation and internal quotation marks omitted). To show prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 201 (2011)). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

In assessing the merits of Petitioner's claims, the Missouri Court of Appeals recognized the applicable two-prong *Strickland* test. Resp't Ex. G, at 6. Addressing the first prong (deficient performance), the Missouri Court of Appeals stated:

> Movant asserts that had his trial counsel adequately argued that the defense was entitled to ask Victim her HIV status or otherwise demonstrate that she was HIV-positive, the jury would have heard this evidence, and the outcome of Movant's trial would have been different. The motion court concluded that trial counsel "vehemently argued that the [V]ictim's status should be admitted." The [trial] court granted the State's motion [in *limine*] over defense counsel's objection and stated in its order and judgment denying Movant's Rule 29.15 motion:

> [T]here were no facts presented at the time that would indicate to
> the court that said information would be relevant in any way, or have
> any probative value to the case at hand. To bring out the victim's
> HIV status would only prejudice the state, and was not relevant to
> any element the state must prove at trial.
>
> At the motion in *limine* hearing, defense counsel claimed the information
> was relevant to demonstrate that Victim did not inform Movant of her HIV status
> until after they engaged in sexual relations and this resulted in him becoming
> irrationally enraged, supporting a sudden passion defense. The court found this
> argument failed because (1) Movant presented no independent evidence that
> contradicted Victim's testimony that she told Movant she was HIV positive when
> they met, prior to engaging in sexual relations; (2) the evidence demonstrated the
> defense of sudden passion was not available to Movant; and (3) there was not any
> case law defense counsel could have provided the court that would have changed
> the admissibility of Victim's HIV status, or the ultimate outcome of the case.
> Under § 565.002(7) (RSMo 2000), "sudden passion" is "passion directly
> caused by and arising out of provocation by the victim or another acting with the
> victim which passion arises *at the time of the offense* and is not solely the result of
> former provocation." (emphasis added). The court noted that the facts, as alleged
> by both Movant and the prosecution, demonstrated Movant knew of Victim's HIV
> status *three or more days before* he attacked her at her home, which is sufficient
> time for his passion to cool. *See Meiners v. State*, No. ED 103861, 2017 WL
> 105980, at *4 (Mo. App. E.D. Jan. 10, 2017). The motion court correctly found the
> facts did not support a sudden passion defense and defense counsel was not
> ineffective for failing to adequately argue or present case law convincing the court
> that such evidence was legally relevant to such a defense.

Resp't Ex. G, at 7-8 (emphasis in original).

The Missouri Court of Appeals' denial of this claim was not contrary to, or an unreasonable

application of, *Strickland*, nor did the Missouri Court of Appeals' decision involve an unreasonable

determination of the facts before the state court. The Missouri Court of Appeals' description of the

facts is fully supported by the record of the motion in limine hearing and the motion court's

decision. *See* Resp't Ex. I, at 43-47; Resp't Ex. J, at 7-14. In particular, the record supports the

motion court's conclusion that trial counsel vehemently argued for the admission of this evidence,

Resp't Ex. 7-14. The record also supports the state court's conclusion that the facts, as alleged by

both Petitioner and the prosecution, demonstrated that Petitioner knew of Victim's HIV status

13

three or more days before he attacked her at her home. In his amended motion for post-conviction relief, Petitioner stated that he would testify that he learned of the victim's HIV status about a week before the alleged incident, Resp't Ex. I, at 36, and the prosecutor stated at the motion in limine hearing that Petitioner had told a process server three days before the incident that he was angry with the victim about her HIV status,  Resp't Ex. J, at 10.

Based on these facts, the Missouri Court of Appeals reasonably found that under Missouri case law and statutes, these facts did not support a sudden passion defense based on the victim's HIV status, because Petitioner had had sufficient time for his passion to cool. Resp't Ex. G, at 8. It is not the role of this Court to second-guess the state court's determination about a question of Missouri law. *See Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2012) ("We do not second-guess the decision of a Missouri state court on Missouri law."); *see also Estelle*, 502 U.S. at 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions.").

Finally, it was entirely reasonable under *Strickland* for the state court to find that trial counsel did not show deficient performance by not providing more argument or case law in favor of a position that, under Missouri law, was meritless. It is well established that "counsel's failure to advance a meritless argument cannot constitute ineffective assistance." *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam).

For all of the above reasons, the Court finds that Petitioner is not entitled to relief on Claim Three, and Claim Three will be denied.

## V.   CONCLUSION

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28

U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the Petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make a "substantial showing of the denial of a constitutional right" a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983)). The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED that** Petitioner's Motion for the Appointment of Counsel (Doc. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of September, 2020.